UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MONIQUE CHEEK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-809** |
| **DENISE HORTON** | **SECTION: "S" (5)** |

## ORDER AND REASONS

The Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #7) by Denise Horton is **DENIED**.

## BACKGROUND

Plaintiff Monique Cheek, a citizen of Florida, and defendant Denise Horton, a citizen of Louisiana, are sisters. This dispute concerns the management of a trust, which their mother Marguerite N. Brown established on November 9, 1998, and managed until her death on November 30, 2004. The sisters are equal beneficiaries of the trust which, pursuant to its terms, is to be governed by South Carolina law. The trust provided that George Lucas would be the first successor trustee to Brown; Denise Horton would be the second successor trustee; and Monique Cheek would be the third successor trustee. Upon Marguerite's death, Lucas managed the trust briefly until his resignation. Horton has managed the trust since Lucas' resignation. According to an attachment to a letter by Horton's counsel, the value of the trust upon Brown's death was $3,490,849.57.

According to a letter from Ms. Horton's attorney dated April 24, 2006, the value of the trust on April 21, 2006, was $2,204,044.64.

Cheek contends that in May 2005, Horton unilaterally and unbeknownst to Cheek, transferred the monies of the trust from South Carolina to Louisiana. Cheek states that in June 2006, Cheek filed suit in the South Carolina Probate Court which was dismissed because Louisiana, rather than South Carolina, was the proper venue. Cheek argues that she has not been provided sufficient information as to whether Horton took a $100,000 fee for handling the trust for the years 2005 and 2006; that Horton has failed to provide Cheek an explanation of $158,776.71 in expenses for trust administration through February 28, 2006, which are $120,000 more than the expenses in a February 2006, spreadsheet that was provided by Horton. Further, Cheek contends that the transfer of the trust assets to Louisiana and a proposed sale of a North Carolina condominium that was owned by the trust are unexplained.

Cheek has filed suit in this court based on diversity jurisdiction. She seeks an accounting and a partitioning of the trust between the two sisters, and attorney's fees.

Horton has filed a motion to dismiss, arguing that this court has no subject matter jurisdiction because the amount in controversy is lacking.

## ANALYSIS

**A.    Legal Standard**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to

challenge the subject matter jurisdiction of the district court to hear a case."[1]  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[2]  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists.[3]  A motion under Fed. R. Civ. Proc. 12(b)(1) should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."[4]

Federal jurisdiction ordinarily exists over lawsuits that could have brought in a state court, so long as complete diversity of citizenship and the requisite amount in controversy are present. When the jurisdiction of a federal court is challenged, that court has a duty to make the inquiries necessary to establish its own jurisdiction.[5]  The trial court is not required to follow any set procedure in determining whether the jurisdictional amount has been satisfied.[6]  "'[T]he blueprint of the method of determining the length and breadth of the amount in controversy is entirely within the discretion of the trial court.'"[7]

---

[1] *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001).

[2] *Id*.

[3] *Id.*

[4] *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)*(citing Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992)).

[5] *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

[6] *Foret*, 918 F.2d at 537.

[7] *Foret*, 918 F.2d at 537 (*quoting Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 666 (5th Cir. 1971)).

"[T]he equitable jurisdiction of the federal district court "clearly extends to suits . . . against trustees by the beneficiaries of trust property."[8] According to the Supreme Court, in cases seeking equitable relief, such as an accounting, "'it is well established that the amount in controversy is measured by the value of the object of the litigation.'"[9] "'[W]here affirmative relief is sought by an accounting, the amount in controversy is measured by the value of the *res*, the damage to the *res* sought to be redressed, or the monetary value of the complainant's shares of the *res* which is distributable.'"

**B. Value of Plaintiff's Claim**

The *res* in this case is the trust whose value clearly exceeds the jurisdictional amount of $75,000. Further, plaintiff seeks not only an accounting, but she also seeks a partitioning of the trust. Plaintiff's share of the trust exceeds $75,000.

The motion to dismiss is DENIED.

New Orleans, Louisiana, this   11th   day of August, 2008.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[8]*Garrett v. First Nat. Bank & Trust Co., of Vicksburg, Miss.*, 153 F.2d 289, 290-91 (5th Cir. 1946).

[9]*Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 640 (5th Cir. 2003)(*quoting Hunt v.. Wash. State Apple Adver. Comm'n*, 434 U.S. 333, 347 (1977).